UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BETHLEHEM CONSTRUCTION, INC., a Washington corporation,<br><br>                 Plaintiff,<br><br>         v.<br><br>TRANSPORTATION INSURANCE COMPANY, a foreign corporation,<br><br>                 Defendant. | NO. CV-03-0324-EFS<br><br>**ORDER DENYING TRANSPORTATION'S PUNITIVE DAMAGES MOTION** |

Before the Court is Transportation Insurance Company's ("Transportation's") Motion for Partial Summary Judgment on the Non-recoverability of Punitive Damages Against Transportation Insurance Company Under California Law (Ct. Rec. 163). The Court has reviewed the memoranda filed by the parties, listened to the arguments of counsel and now DENIES the motion for the reasons that follow.

## I. Applicable Law

In Court Record 530 the Court ruled that California law applied to the issue of the recovery of punitive damages. The pertinent California statute states:

ORDER ~ 1

(a) In an action for the breach of an obligation not arising from contract, where it is proven by *clear and convincing evidence* that the *defendant has been guilty of oppression, fraud, or malice*, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

...

(c) As used in this section, the following definitions shall apply:

(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or *despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others*.

(2) "Oppression" means *despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard* of that person's rights.

(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294(a) and (c) (emphasis added).

## II. Standard of Review

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id*. at 248. In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under

the governing law." *Id.*  There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

    If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law. *Anderson*, 477 U.S. at 248. This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

### III. Analysis and Conclusion

    In support of it motion, Transportation argues that there were no facts demonstrating clear and convincing evidence of Transportation's conduct meeting the statutory standard for punitive damages either in Bethlehem Construction Inc.'s ("Bethlehem's") answers to specific interrogatories requesting that information or in the Federal Rule of Civil Procedure 26(a)(2)(B) report of Mr. Casselman, Bethlehem's expert on this issue, or in his deposition quoting the pertinent answers and attaching documents.  In response, Bethlehem submitted declarations and

attachments in an effort to carry its *Celotex* burden.  The Court has carefully reviewed the material submitted by both parties.  Viewing factual material and the reasonable inferences therefrom in a light most favorable to Bethlehem, the Court concludes that Bethlehem has met its *Celotex* burden and that there is a genuine issue of material fact as to whether the conduct of Transportation meets the California statutory standard for an award of punitive damages.

The Court notes that Bethlehem's interrogatory answers were awkwardly phrased and by themselves may not have been enough to meet the *Celotex* burden.  However, Mr. Casselman's Rule 26(a)(2)(B) report and his deposition testimony pointedly discussed the conduct of Transportation from which a jury could conclude that there was clear and convincing evidence it acted in conscious disregard of the rights of Bethlehem under the insurance policies in effect.  Together with the declaration of Mr. Addleman, who interacted with Transportation representatives and lawyers for Steveco, and the declaration of Mr. McCormick, a percipient witness to discussions with both Transportation representatives and the lawyers for Steveco and the attachments thereto, the Court concludes that there are genuine issues of material fact which require the denial of this motion.

As to Transportation's shotgun evidentiary objections to Bethlehem's declarations and attachments thereto in Transportation's reply, they are overruled.

Accordingly, **IT IS HEREBY ORDERED:** Transportation's Motion for Partial Summary Judgment on the Non-recoverability of Punitive Damages Against Transportation Under California Law **(Ct. Rec. 163)** is **DENIED.**

ORDER ~ 4

1      **IT IS SO ORDERED.**  The District Court Executive is directed to enter

2 this Order and provide a copy to counsel.

3      **DATED** this ___9th___ day of March 2007.

4

5                          S/ Edward F. Shea
                          EDWARD F. SHEA
6                  United States District Judge

7

8
Q:\Civil\2003\0324.MSJ.tic.punitives.wpd
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 5